| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-000087**<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |

Plantiff, **COATES, KALI VS. LOUISVILLE-JEFFERSON COUNTY METRO GOVERNM,**, Defendant

TO:  **LOUISVILLE-JEFFERSON COUNTY METRO GOVERNM**
**527 WEST JEFFERSON STREET**
**LOUISVILLE, KY 40202**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **1/3/2020**

RECEIVED JAN 0 8 2020 BY

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To:  _____

☐ Not Served because:  _____

Date: _____, 20____          _____
                                       Served By
                                       _____
                                       Title

Summons ID: 214069315219761@00000934758
CIRCUIT: 20-CI-000087 Certified Mail
COATES, KALI VS. LOUISVILLE-JEFFERSON COUNTY METRO GOVERNM,



Page 1 of 1

**eFiled**

Package : 000002 of 000013          Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

Filed         20-CI-000087   01/03/2020         David L. Nicholson, Jefferson Circuit Clerk

## COMMONWEALTH OF KENTUCKY
## 30th JUDICIAL CIRCUIT
## JEFFERSON COUNTY CIRCUIT COURT

NO: _____

**KALI COATES**                                                                                  **PLAINTIFF**

**vs.**

**OFFICER TYLER GELNETT
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS A POLICE
OFFICER OF LOUISVILLE METRO
GOVERNMENT**

**And**

**LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT**                                                                **DEFENDANTS**

SERVE:

Officer Tyler Gelnett
Louisville Metro Police Department
633 West Jefferson Street
Louisville, KY 40202

And

Hon. Greg Fischer, Mayor
527 West Jefferson Street
Louisville, KY 40202

And

Hon. Mike O'Connell
Jefferson County Attorney
600 West Jefferson Street, 2nd Floor
Louisville, KY 40202

Filed         20-CI-000087   01/03/2020         David L. Nicholson, Jefferson Circuit Clerk

Filed                    20-CI-000087   01/03/2020              David L. Nicholson, Jefferson Circuit Clerk

## COMPLAINT

Comes the Plaintiff, Kali Coates (hereinafter "Plaintiff" or "Kali Coates" or "Ms. Coates"), by and through counsel, and for her Complaint against the Defendants, states as follows:

### JURISDICTION

1. The Defendant, the city of Louisville-Metro Jefferson County, Kentucky, [hereinafter "City"], situated in Jefferson County, is a city in Kentucky which retains the powers of a first class city, and the said city now and at all times mentioned in this Complaint was a municipal corporation organized and is existing under the laws of the Commonwealth of Kentucky. The same said city maintains a police department with duly appointed police officers pursuant to the mandate laws of the Commonwealth of Kentucky, as amended. The Plaintiff, Ms. Coates, resides in Jefferson County, Kentucky, and the cause of action occurred in the same said County. Moreover the amount in controversy in this action exceeds the minimal jurisdictional limits of this Court.

### VENUE

2. Venue in this action is based on the fact that the Defendants Officer Tyler Gelnett and the City and its employees, at all relevant times complained of herein, operated in Jefferson County, Kentucky, and the cause of action accrued in the same said County.

Filed                    20-CI-000087   01/03/2020              David L. Nicholson, Jefferson Circuit Clerk

Filed          20-CI-000087   01/03/2020          David L. Nicholson, Jefferson Circuit Clerk

## PARTIES

3. Plaintiff, Kali Coates, is a United States Citizen and an individual, and a resident of the City of Louisville, Jefferson County, Kentucky, and was the same said Citizen and resident at all times during the events described in this Complaint.

4. Defendant Officer Tyler Gelnett (hereinafter "Defendant Gelnett" or "Defendant Officer Tyler Gelnett" or "Defendant Officer Gelnett") is believed to be a citizen and a resident of Kentucky and was employed as a law enforcement officer with the Louisville-Metro Jefferson County, Police Department at all times relevant to the events complained of herein.

5. The Defendant, Louisville-Metro Jefferson County (hereinafter "Defendant City" and/or "City"), situated in Jefferson County, is a first class city in Kentucky, the said city now, and at all times mentioned in this Complaint was, a municipal corporation organized and existing under the laws of the State of Kentucky, and maintained the Louisville-Metro Police Department (hereinafter "LMPD"), a Police Department, with duly appointed police officers pursuant to the mandate laws of the State of Kentucky, as amended.

6. At all relevant times hereto Defendant Gelnett was an employee, servant, and/or agent of the City of Louisville and/or LMPD, acting within the course and scope of his employment.

7. All acts committed by Defendant Gelnett were done under the color of the laws of the Commonwealth of Kentucky and under the authority of his position. The said Defendant is named and sued in his official and individual capacity.

## FACTUAL ALLEGATIONS

8. Defendant Officer Gelnett committed acts under the color of state law which deprived Plaintiff Kali Coates of her rights, privileges and immunities secured by the First, Fourth, Fifth,

Filed          20-CI-000087   01/03/2020          David L. Nicholson, Jefferson Circuit Clerk

Filed                 20-CI-000087   01/03/2020           David L. Nicholson, Jefferson Circuit Clerk

Eighth and Fourteenth Amendments to the Constitution of the United States; such acts being more specifically stated herein.

9. Defendant Louisville-Jefferson County Metro Government ("City") which is and at all times relevant to this action is a city of the first class who employed, as a police officer, Defendant, Officer Gelnett, and while acting in his official capacity and within the scope of his employment as a police officer and carried out under the color of law, deprived Plaintiff of her Constitutional rights, privileges and immunities. Moreover, while said acts were carried out under the color of law, they were gratuitous, illegal, improper, and deprived Plaintiff of her rights to:

    (a)    freedom from unwanted sexual contact and illegal detention;

    (b)    freedom from humiliation and intimidation;

    (c)    the enjoyment of life, liberty and property and freedom from its deprivation without due process of the law;

10. Plaintiff is informed and therefore believes and thus alleges that at the time of the search of her person the City had failed to properly train Defendant Officer Gelnett on the Constitutional limits of a search and seizure and enjoyment of life, liberty and property and freedom from its deprivation without due process of the law.

11. All events complained of herein occurred in Jefferson County, Kentucky.

12. Upon information and belief, on or about January 5, 2019, Defendant Gelnett was on patrol for the Louisville-Metro Police Department in Louisville, Jefferson County, Kentucky.

Package : 000006 of 000013   Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

Filed                 20-CI-000087   01/03/2020           David L. Nicholson, Jefferson Circuit Clerk

Package : 000006 of 000013

Filed                    20-CI-000087   01/03/2020          David L. Nicholson, Jefferson Circuit Clerk

13. On the same said date, from 5:15 p.m. until about 5:30 p.m., Ms. Coates, an African-American female, United States citizen, was driving from Virginia Avenue heading east bound when she turned northbound onto Twenty-Eight (28th) Street.

14. Officer Gelnett, a male officer, performed a minor traffic stop along with other LMPD officers whom assisted the said stop.

15. Defendant Officer Gelnett approached Ms. Coates' driver side window and asked for her drivers license.

16. Defendant Officer Gelnett then requested that she exit her vehicle and began to search Ms. Coates by inappropriately placing his hands in her crotch area, and then down in between her underwear.

17. Several seconds later, the said Defendant was instructed by another Officer to escort Ms. Coates to the back of her vehicle.

18. Once he escorted her to the back of her vehicle he again began to search her person again by groping her buttocks and her vagina to the point that another officer intervened and admonished him.

19. As a result of the foregoing actions of the Defendants, Plaintiff has been unable to sleep and has suffered extreme humiliation, embarrassment, loss of enjoyment of life, alienation, and mental anguish for which she now seeks compensatory and punitive damages.

20. Since the incident in question, the Plaintiff —to no avail— has been struggling to overcome the aforementioned injuries on her own.

Filed                    20-CI-000087   01/03/2020          David L. Nicholson, Jefferson Circuit Clerk

Filed        20-CI-000087   01/03/2020        David L. Nicholson, Jefferson Circuit Clerk

21. At all times during the aforesaid mentioned incident, Defendant Officer Tyler Gelnett on numerous occasions repeatedly subjected Ms. Kali Coates to this unwanted sexual contact, and was able to do so on the basis of his position of authority as a LMPD Police officer.

22. Each of the above allegations is asserted or reasserted as necessary with respect to each and every Count set forth herein below.

## COUNT I
## VIOLATIONS OF 42 U.S.C. § 1983

23. Plaintiff re-alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint..

24. Defendant Officer Tyler Gelnett, while under the color of law thus acting in his official capacity and within the scope of his employment as a police officer for the Defendant City committed acts as alleged above, which deprived Ms. Kali Coates of her rights, privileges and immunities secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and/or other applicable provisions of the United States Constitution, and/or state law rights or privileges found in Kentucky's constitution and tort laws. Those deprivations included, but may not be limited to deliberate indifference to Ms. Kali Coates's right to privacy, her right to personal integrity, her right to be free from unwanted physical contact, her right to be free from improper searches and seizures, her right to be free from unwanted intrusion upon her person, her right to be free from physical assault and battery, her right to be free from excessive force, her right to be from unwanted sexual contact, and her right to substantive and procedural due process.

Package : 000008 of 000013    Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)    Package : 000008 of 000013

Filed        20-CI-000087   01/03/2020        David L. Nicholson, Jefferson Circuit Clerk

Filed                    20-CI-000087    01/03/2020                David L. Nicholson, Jefferson Circuit Clerk

25. As a direct and proximate result of the Defendants' violation of Ms. Kali Coates' civil and constitutional rights as stated above, Ms. Kali Coates has suffered and incurred consequential, actual and compensatory damages.

26. Defendants' violation of Ms. Kali Coates' clearly established civil and constitutional rights as stated above were a substantial factor in causing Ms. Kali Coates to suffer pain of body and mind, physical and mental injuries, lost wages or earnings, medical expenses, past and future, and the impairment of her ability to earn money in the future.

27. The Defendants acted intentionally, maliciously or with reckless disregard or callous indifference to the rights of Plaintiff and are liable for damages.

## COUNT II
## ASSAULT AND BATTERY

28. Plaintiff re-alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Defendant Officer Tyler Gelnett intentionally and maliciously directed the use of unlawful force at Ms. Kali Coates that resulted in each such circumstances a well-founded fear of immediate peril or harm in Ms. Kali Coates' mind.

30. Further, each instance of sexual contact between Defendant Officer Tyler Gelnett and Ms. Kali Coates amounted to an unwanted physical touching or battery.

31. Defendant Officer Tyler Gelnett's actions in each instance constitute assault and/or battery.

32. Defendant Officer Tyler Gelnett's violations of Plaintiff's clearly established civil rights and of her rights under Kentucky law as stated above were a substantial factor in causing

Filed                    20-CI-000087    01/03/2020                David L. Nicholson, Jefferson Circuit Clerk

Filed                 20-CI-000087   01/03/2020           David L. Nicholson, Jefferson Circuit Clerk

Ms. Kali Coates to suffer physical and mental pain, emotional distress, lost wages or earnings, medical expenses, past and future, and the impairment of her ability to earn money in the future.

33. Defendant Officer Tyler Gelnett acted intentionally, maliciously, and/or with reckless disregard and/or callous indifference to the rights of Ms. Kali Coates and is liable for damages.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND SUPERVISING

34. Plaintiff re-alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

35. That this Plaintiff had constitutionally and statutorily protected rights, and, further she had rights explicit, and implicit in both the statutes and the public policy of this Commonwealth and these United States, to be free from assault, sexual assault, and unreasonable searches and seizures.

36. That while engaging in the misconduct complained of herein, Defendant Officer Tyler Gelnett, was acting as the Defendant City's actual, apparent, or ostensible agent, in the furtherance of its business and economic interests, and within the course and scope of his employment with the Defendant City.

37. That Defendant City either authorized or ratified, or should have anticipated and taken steps to prevent, the misconduct of its agents complained of herein.

38. That upon information and belief, at all times relevant hereto Defendant City knew or should have known of the propensities of Defendant Officer Tyler Gelnett to perpetrate sexual misconduct of the kind complained of herein, Defendant City was negligent in hiring, training, supervising, and retaining Defendant Officer Tyler Gelnett, and therefore the Defendant City is

Filed                 20-CI-000087   01/03/2020           David L. Nicholson, Jefferson Circuit Clerk

Filed                20-CI-000087   01/03/2020        David L. Nicholson, Jefferson Circuit Clerk

liable to the Plaintiff for her compensatory damages complained of herein, and also for exemplary damages according to the laws and public policy of this Commonwealth.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Tort of Outrage)

39. Plaintiff re-alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 38 of this Complaint.

40. Defendant, Officer Tyler Gelnett, acted intentionally or recklessly when he committed the acts enumerated above.

41. The aforementioned conduct of the said Defendant was so outrageous and intolerable that it offend the generally accepted standards of decency and morality.

42. The aforementioned conduct was a substantial factor in causing Ms. Kali Coates extreme and severe emotional distress.

43. As a result, Ms. Kali Coates has suffered those damages herein above alleged, including but not limited to destruction of her power to labor and earn money, pain and suffering, both mental and physical, lost wages or earnings, medical expenses, both past and future, and the impairment of her ability to earn money in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kali Coates, by Counsel, demands judgment against the Defendants in amounts considered fair and reasonable by the jury based upon the evidence, and for the following:

1. Her past, present and future physical, mental and emotional pain, suffering and humiliation;

Filed                20-CI-000087   01/03/2020        David L. Nicholson, Jefferson Circuit Clerk

Package : 000011 of 000013
Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)
Package : 000011 of 000013

Filed      20-CI-000087   01/03/2020      David L. Nicholson, Jefferson Circuit Clerk

2. Her impairment to labor and earn money;

3. Additional compensatory damages, in an amount to be proven at trial including but not limited to medical and other expenses incurred;

4. Reimbursement for fees and other consequential expenses;

5. Punitive damages;

6. Reasonable attorney fees pursuant to 42 U.S.C. § 1988;

7. All costs herein incurred;

8. TRIAL BY JURY on all issues so triable; and,

9. Any and all other relief to which Plaintiff may appear entitled, including leave to amend this Complaint.

Respectfully submitted,

SHAUN A. WIMBERLY, SR.
Wimberly and Associates, PLLC.
Waterfront Plaza, Suite 1816
Louisville, KY 40202
Office: (502) 208-1887
Fax: (502) 208-1858
***COUNSEL FOR PLAINTIFF***

Package : 000012 of 000013   Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)   Package 000012 of 000013

Filed      20-CI-000087   01/03/2020      David L. Nicholson, Jefferson Circuit Clerk

Filed                 20-CI-000087          01/03/2020              David L. Nicholson, Jefferson Circuit Clerk

# COMMONWEALTH OF KENTUCKY
## 30th JUDICIAL CIRCUIT
## JEFFERSON COUNTY CIRCUIT COURT

NO: _____

**KALI COATES**                                                                 **PLAINTIFF**

vs.         **CERTIFICATION PURSUANT TO KRS 411.188(4)**

**OFFICER TYLER GELNETT**
**INDIVIDUALLY AND IN HIS**
**OFFICIAL CAPACITY AS A POLICE**
**OFFICER OF LOUISVILLE METRO**
**GOVERNMENT**

And

**LOUISVILLE-JEFFERSON COUNTY**
**METRO GOVERNMENT**                                                            **DEFENDANTS**

---

It is hereby certified that the Undersigned has not been notified of any party that would be required notice of the commencement of this action pursuant to KRS Chapter 411.

*/s/ Shaun A. Wimberly, Sr.*
Shaun A. Wimberly, Sr.

Filed                 20-CI-000087          01/03/2020              David L. Nicholson, Jefferson Circuit Clerk

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

LOUISVILLE-JEFFERSON COUNTY METRO GOVERNM
527 WEST JEFFERSON STREET
LOUISVILLE, KY 40202



## KCOJ eFiling Cover Sheet

Case Number: 20-CI-000087

Envelope Number: 2140693

Package Retrieval Number: 214069315219761@00000934758

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 12.40

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.